19447

The STATE, Respondent, v. John Edward MILLER, Appellant

(190 S. E. (2d) 23)

*C. D. Hopkins, Jr., Esq.,* of Charleston Heights, *for Appellant,*

*Robert B. Wallace, Esq., Sol.,* of Charleston, *for Respondent,*

July 5, 1972.

LEWIS, Justice.

John Edward Miller has appealed from his conviction and sentence of twelve years, for his participation, along with four others, in the armed robbery of the Liberal Pawn Shop, in Charleston County. He does not question the sufficiency of the evidence to sustain his conviction for armed robbery, but contends that he should be granted a new trial because the court allegedly erred (1) in limiting him to five peremptory challenges to jurors and (2) in admitting testimony which allegedly raised an inference that he was accused of other crimes.

At the beginning of the trial, appellant requested that he be allowed ten (10) peremptory challenges, but the trial judge allowed only five. Appellant contends that this was error.

The number of peremptory challenges allowed a defendant is governed in this State by statute, Section 38-211 of the 1962 Code of Laws. This section provides:

"Any person who shall be arraigned for the crime of murder, manslaughter, burglary, arson, rape, grand larceny, breach of trust when it shall be punishable as for grand larceny, perjury or forgery shall be entitled to peremptory challenges not exceeding ten and the State in such cases shall be entitled to peremptory challenges not exceeding five. Any person who shall be indicted for any crime or offense other than those enumerated above shall have the right to peremptory challenges not exceeding five and the State in such cases shall be entitled to peremptory challenges not exceeding five."

The statute states that in the trial of certain named crimes a defendant is entitled to not exceeding ten peremptory challenges and then provides that in all offenses not enumerated the defendant shall be entitled to not exceeding five. The crime of armed robbery, of which appellant was convicted, is not listed among those offenses entitling a defendant to ten peremptory challenges; but falls within the category of crimes not specifically enumerated in the statute. Therefore, a defendant charged with armed robbery is entitled to only five peremptory challenges, and the trial judge was correct in so limiting the appellant.

The remaining questions concern the admissibility of testimony.

Appellant was identified by the proprietor of the pawn shop in a lineup while incarcerated in the Charleston County jail, awaiting trial on another charge. At the time of the identification, appellant was represented by his present attorney and it is conceded that the lineup was "fair and proper." While appellant did not question the legality of the lineup identification, he did object to testimony thereabout which allegedly showed that he and the others in the lineup were dressed in "prison uni-

forms" and that the lineup was held at the Charleston County jail. This objection was overruled.

Appellant contends that the admission of testimony showing him in "prison uniform" in a lineup at the jail was prejudicial in that such testimony "raised an inference in the minds of the jurors that appellant was accused of other crimes as he was already in prison uniform."

While the record before us fails to show the type clothing worn by those in the lineup, it appears from the argument of counsel that all were dressed in blue pants, with no stripes or identifying words or numbers. There is nothing to show that the clothing worn was a "prison uniform." Apparently, all were dressed in similar clothing, so as to eliminate any element of suggestion to the one viewing the lineup. There is no showing that the clothing selected could have reasonably given the impression that those in the lineup were being held on any charge other than that being investigated.

Neither did any prejudice result in the admission of testimony that the lineup was held at the jail. The record contains no showing of any impropriety in holding the lineup at the county jail and appellant has suggested none. While the fact that appellant was being held in jail would give rise to an inference that he was being held on the charge involved in the lineup investigation, there is nothing to show that any inference could reasonably arise that he was being held on any other charge.

Finally, it is argued that the trial judge erred in permitting the solicitor to ask appellant whether or not he knew the penalty for armed robbery. Appellant maintains that such question could have carried an inference to the minds of the jury that he had been previously convicted of armed robbery and thereby had become familiar with the penalty.

The record does not contain the complete testimony of the appellant and we are unable to determine therefrom the

exact context in which the question as to the penalty for armed robbery arose. However, the unchallenged factual statements in the State's brief indicate that the question was prompted by direct testimony of appellant that he had a previous criminal record and always pled guilty when he was guilty. Apparently, the State, by the question, sought to raise the inference that appellant's plea of not guilty in this case, as opposed to his plea of guilty in previous cases, was influenced by his knowledge that the sentence for armed robbery was greater than the sentence for any previous offense.

The trial judge has a broad discretion in determining the general range and extent of cross examination, subject to the limitation that the inquiry must relate to matters pertinent to the issue, or to such as tend to affect the credibility and veracity of the witness; and the exercise of such discretion will not be disturbed except in cases of manifest abuse or injustice. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607.

It appears that the question relative to the penalty for armed robbery was directed to the veracity of the witness. As such, it was within the bounds of permissible cross examination. However, in any event, the present meager record is devoid of any showing of prejudice from the question.

All exceptions are overruled and the judgment of the lower court is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.