20992

The STATE, Respondent, v. James GUNTER, Appellant.

(256 S. E. (2d) 317)

348

*W. Gaston Fairey,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Lindy P. Funkhouser,* and *Sol. James C. Anders,* Columbia, *for respondent.*

June 20, 1979.

NESS, Justice:

Appellant was found guilty of criminal sexual conduct in the first degree and sentenced to twenty-five years, suspended upon the service of ten years. We affirm.

According to the victim, Alberta Mills, appellant came to her door at 6:00 a. m. on August 6, 1977, to see her boyfriend. When told he was not there, he asked to use the bathroom. He subsequently forced her into the bedroom and raped her at knife point.

Initially appellant asserts the trial court erred in requiring him to disclose his theory of defense prior to the beginning of appellant's case. The court ruled that before appellant could question the prosecutrix about whether she had venereal disease, he had to make an *in camera* offer of proof pursuant to Code § 16-3-659.1 (1976 Cum. Supp. 1978).

While cross-examining Ms. Mills, appellant's counsel attempted to question her regarding venereal disease. The solicitor objected to the line of questioning as being violative of the statute, and the jury was excused. During the hearing before the trial court, it became apparent that appellant's counsel sought to elicit testimony regarding the victim's venereal disease in order to demonstrate she had given the disease to appellant in prior intercourse. Thus the evidence to be presented involved "evidence of the victim's sexual conduct with the defendant."

While such evidence is not proscribed by Code § 16-3-659.1, subsection (2) provides that if the defendant proposes to offer evidence of the victim's sexual conduct with the defendant, he "shall file a written motion and offer of proof" and the "court shall order an in-camera hearing to determine whether the proposed evidence is admissible . . ."

This procedure was followed and the trial court concluded the evidence was admissible. The prosecutrix was returned

to the stand in the jury's presence, and the solicitor was permitted to examine her on the issue of venereal disease. Appellant's counsel then fully cross-examined Ms. Mills.

We fail to understand how appellant was prejudiced by the precautionary procedure followed by the trial court. To ensure that the proposed questions were admissible under Code § 16-3-659.1, the trial court required appellant to submit to an in-camera hearing. Although appellant contends he was prejudiced by having to disclose his defense prior to offering his case in chief, this result was occasioned by appellant's own examination of Ms. Mills, and was unavoidable under the terms of the statute. We conclude the trial court did not err in following the procedure required by Code § 16-3--659.1.

Appellant next contends the trial court erred in denying his motion for a new trial based on alleged improper remarks by the solicitor. This is without merit.

A trial court is vested with wide discretion in determining the scope of arguments. *State v. Miller,* 258 S. C. 573, 190 S. E. (2d) 23 (1972); *State v. Durden,* 264 S. C. 86, 212 S. E. (2d) 587 (1975). While the solicitor made some arguably improper statements regarding appellant's prior record, the objections of appellant's counsel were sustained and a curative instrution was made by the trial judge. Appellant's motion for a new trial was therefore properly denied.

Finally, appellant argues the trial court erred in refusing his motion for judgment N.O.V. on the ground that Ms. Mills' credibility was impeached due to inconsistencies in her testimony regarding venereal disease. This is without merit. It is axiomatic that in ruling on motions to set aside a verdict, a trial court is concerned with the *existence* of evidence, not with its *weight. State v. Addis,*

257 S. C. 482, 186 S. E. (2d) 415 (1972) ; *State v.. Allen,* 266 S. C. 175, 222 S. E. (2d) 287 (1976).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.