21099

The STATE, Respondent, v. Calvin L. McCOY, Appellant.

(261 S. E. (2d) 159)

*D. M. McEachin, Jr.*, of *Zeigler & McEachin*, Florence, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent*, Columbia, and *Sol. Dudley Saleeby, Jr.*, Florence, *for respondent.*

December 19, 1979.

LITTLEJOHN, Justice:

The appellant, Calvin L. McCoy, was convicted of criminal sexual conduct in the first degree, and sentenced according to law. His defense was consent. His recitation of that which took place was more bizarre than credible, and all issues of fact were determined adversely to him by the jury.

Criminal sexual conduct is proscribed by § 16-3-651, *et seq.*, Code of Laws of South Carolina (1976). These sections were enacted to replace the rape statutes.

In his appeal, there are asserted errors of law alleged to have occurred at the trial; in addition, it is submitted that the criminal sexual conduct act is unconstitutional.

Section 16-3-659.1, the shield statute under attack, reads as follows:

"Criminal sexual conduct: admissibility of evidence concerning victim's sexual conduct.

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct shall not be admitted in prosecutions under §§ 16-3-652 to 16-3-656; *provided,* however, that evidence of the victim's sexual conduct with the defendant, or evidence of specific instances of sexual activity with persons other than defendant introduced to show source or origin of semen, pregnancy or disease about which evidence has been previously introduced at trial shall be admissable if the judge finds that such evidence is relevant to a material fact and issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. *Provided,* however, that evidence of specific instances of sexual activity which would constitute adultery and would be admissable under rules of evidence to impeach the creditability of the witness shall not be excluded.

(2) If the defendant proposes to offer evidence described in subsection (1), the defendant, prior to presenting his defense shall file a written motion and offer of proof. The court shall order an in-camera hearing to determine whether the proposed evidence is admissable under subsection (1). If new evidence is discovered during the presentation of the defense that may make the evidence described in subsection (1) admissable, the judge may order an in-camera hearing to determine whether the proposed evidence is admissable under subsection (1)."

At the beginning of the trial, counsel for the appellant moved ". . . to dismiss the indictment on the grounds that the statute under which it is brought is unconstitutional in that it unconstitutionally and impermissibly restricts the evidence and procedure in the case." The motion was overruled.

It is the contention of counsel for the appellant that the statute limits the right to confront witnesses and deprives the accused of a fair trial in violation of the sixth and fourteenth amendments of the Constitution of the United States and their South Carolina counterparts. The respondent argues that the statute is constitutional since it merely strikes a balance between minimally relevant evidence and the clear probability of undue prejudice.

We recognize that generally the right of counsel to cross-examine a prosecuting witness is of constitutional dimensions. Normally, cross-examination is essential to a fair trial as guaranteed by the sixth amendment and due process as required by the fourteenth amendment. The Supreme Court held in the case of *Smith v. Illinois,* 390 U. S. 129, 131, 88 S. Ct. 748, 749-750, 19 L. Ed. 2d 956 (1968):

"As the Court said in *Pointer* [*v. State of Texas,* 380 U. S. 400, 403, 85 S. Ct. 1065, 1068, 13 L. Ed. 2d 923], 'It cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him.' 380 U. S., at 404, 85 S. Ct., at 1068. Even more recently we have repeated that '[a] denial of cross-examination without waiver * * would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.' *Brookhart v. Janis,* 384 U. S. 1, 3, 86 S. Ct. 1245, 1246, 16 L. Ed. 2d 314."

In recent years there has been a great tendency by counsel for persons accused of rape or criminal sexual misconduct to try the prosecutrix instead of the defendant. No doubt the legislature has concluded that such tactics have a chilling

effect on prosecutions, to the detriment of society, while providing minimal benefit to the accused person in his defense. The rationale of the judge-made rule that evidence of prior sexual conduct is relevant on the issue of consent was that sexual conduct with one person tends to prove consent to sexual conduct with another person. Such probative value as this evidence may have had is diminished in this modern era of more fluid morals.

The State has a legitimate interest in encouraging victims to report crimes and to present testimony against offenders. That interest is served by discouraging the oftentimes pointless and sometimes cruel treatment of victims who testify.

The statute does not prohibit all evidence of the victim's past sexual conduct. On the contrary, the statute reflects the legislature's view of relevant evidence in a criminal sexual conduct prosecution. A judicial safeguard is provided by the statute in that after the written offer of proof, an *in-camera* hearing is held to determine the admissibility of the proffered evidence. Such evidence is recorded and its exclusion may be reviewed upon approval.

We are of the opinion that the shield statute does not unduly restrict the constitutional right to cross-examination and confrontation. The legislature, by a balancing process, has attempted to consider the interests of society and prosecuting witnesses, while protecting the defendants' constitutional rights.

It would appear that the Supreme Court of the United States has not ruled upon the constitutionality of shield statutes as relate to criminal sexual conduct cases, but other courts have. Inasmuch as the question is one of novel impression in this state, we quote at length from other state appellate courts which have treated the issue. We approve the rationale of the opinions:

## COLORADO

"The basic purpose of section 18-3-407, therefore, is one of *public policy:* to provide rape and sexual assault victims greater protection from humiliating and embarrassing public 'fishing expeditions' into their past sexual conduct, without a preliminary showing that evidence thus elicited will be relevant to some issue in the pending case. The statute represents one means chosen by the general assembly to overcome the reluctance of victims of sex crimes to report them for prosecution. Thus it reflects a major public policy decision by the general assembly regarding sexual assault cases. In effect the legislature has declared the state's policy to be that victims of sexual assaults should not be subjected to psychological or emotional abuse in court as the price of their cooperation in prosecuting sex offenders." *People v. McKenna* (Colo. 1978), 585 P. 2d 275, 278.

## OHIO

"In determining whether R.C. 2907.02 (D) was unconstitutionally applied in this instance, we must thus balance the state interest which the statute is designed to protect against the probative value of the excluded evidence.

Several legitimate state interests are advanced by the shield law. First, by guarding the complainant's sexual privacy and protecting her from undue harassment, the law discourages the tendency in rape cases to try the victim rather than the defendant. In line with this, the law may encourage the reporting of rape, thus aiding crime prevention. Finally, by excluding evidence that is unduly inflammatory and prejudicial, while only marginally probative, the statute is intended to aid in the truth-finding process.

The key to assessing the probative value of the excluded evidence is its relevancy to the matters as proof of which it is offered. Appellants contend that evidence of complainants reputation as a prostitute is relevant to the issue of consent, which was Ogletree's defense to the rape charge. The sup-

posed relevancy here rests on an assumption that prior unchastity with other individuals indicates a likelihood of consent to the act in question with the defendant. While this premise may have had some validity in an earlier time, it seems quite unpersuasive in today's era of more fluid morals. 'As critical thought and analysis have been brought to bear on these issues, it has become apparent that in many instances a rape victim's past sexual conduct may have no bearing at all on either her credibility or the issue of consent.' [citation omitted]" *State v. Gardner* (1979), 59 Ohio St. (2d) 14, 391 N. E. (2d) 337, 340-341.

## MICHIGAN

"The right of confrontation protected by the Sixth Amendment secures principally the right to cross-examine witnesses. *Douglas v. Alabama,* 380 U. S. 415, 418, 85 S. Ct. 1074, 1076, 13 L. Ed. 2d 934 (1965). Cross-examination is principally a means by which the credibility and veracity of a witness is tested. Being based upon the Sixth Amendment, defendant's challenge to the statute thus may be stated: prohibiting the testing of the rape victim's credibility and veracity by asking the victim about his or her sexual conduct with third persons infringes upon the fundamental right of confrontation. The problem is, however, that there is no fundamental right to ask a witness questions that are irrelevant. Inquiry on cross-examination into the rape victim's sexual behavior with third persons is not relevant. Evidence is relevant when it is sufficiently probative of a fact in issue to offset the prejudice its admission produces. *Jarecki v. Ford Motor Co.,* 65 Mich. App 78, 83, 237 N. W. 2d 191 (1975). The rape victim's sexual activity with third persons is in no way probative of the victim's credibility or veracity. If it were, the relevancy would be so minimal it would not meet the test of prejudice." *People v. Thompson* (1977), 76 Mich. App. 705, 257 N. W. 2d 268, 272.

We conclude that the legislature was within its power when it enacted the challenged statute, and we find no in-

fringement of the defendant's state or federal constitutional rights.

The appellant submits that the court erred in allowing evidence of the prosecutrix's general sexual reputation, while prohibiting his attempt to submit evidence on the issue. A review of the record convinces us that the prosecutrix's general sexual reputation was not offered in evidence, and we find no error.

The contention that the law of circumstantial evidence should have been charged and that the trial court erred by allowing appellant's oral statement into evidence are without merit. A full written opinion on these issues would have no precedential value; we find no error of law, and the exceptions are dismissed under our Rule 23.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.