21263

The STATE, Respondent, v. John Henry SMITH, Appellant.
(268 S. E. (2d) 276)

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling*, of *S. C. Appellate Defense Com'n,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, *Sol. Capers G. Barr, III,* Charleston, for respondent.

July 21, 1980.

NESS, Justice:

Appellant was convicted of kidnapping and criminal sexual conduct in the first degree. We affirm.

In the early morning of December 9, 1978, appellant abducted the prosecuting witness at gunpoint, took her to a secluded area and forced her to have sexual relations. His defense was consent.

Appellant primarily challenges the constitutionality of the kidnapping statute, § 16-3-910, Code of Laws of South Carolina (Cum. Supp. 1979), and the life sentence he received pursuant to its terms. That section provides in relevant part:

"Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, . . ., shall be guilty of a felony and, upon conviction, shall suffer the punishment of life imprisonment . . ."

Appellant first asserts this provision is vague and overbroad in violation of due process requirements. We disagree.

A penal statute offends due process only where it fails to give fair notice of the conduct it proscribes. *State v. Crenshaw,* 266 S. E. (2d) 61 (S. C. 1980). The terms of this statute are clear and unambiguous. It proscribes the forceful seizure, confinement or carrying away of another against his will without authority of law. We hold it is not unconstitutionally vague, *see United States v. Cassidy,* 571 F. (2d) 534 (10th Cir.), *cert. denied,* 436 U. S. 951, 98 S. Ct. 2859, 56 L. Ed. (2d) 793 (1978). Since appellant's conduct fell squarely within the statute's terms, he lacks standing to assert any over-breadth. *Daulton v. United*

*States,* 474 F. (2d) 1248 (6th Cir. 1973) ; *State v. Gambrell,* 266 S. E. (2d) 78 (S. C. 1980).

Appellant next asserts the mandatory life sentence prescribed by the statute constitutes cruel and unusual punishment both *per se* and as applied in his case. We disagree.

The penalty assessed for a particular offense is, except in the rarest of cases, "purely a matter of legislative prerogative," *Rummel v. Estelle,* —— U. S. ——, 100 S. Ct. 1133, 63 L. Ed. (2d) 382 (March 18, 1980), and the legislature's judgment will not be disturbed. *See State v. Smith,* 267 S. C. 527, 229 S. E. (2d) 851 (1976) ; *State v. Haulcomb,* 260 S. C. 260, 195 S. E. (2d) 601 (1973). We hold the mandatory life sentence prescribed by the statute does not constitute cruel and unusual punishment *per se.*

Appellant argues the central feature of his crime was the sexual assault and therefore a life sentence for the associated kidnapping constitutes cruel and unusual punishment. The Indiana Supreme Court has rejected similar arguments on at least two occasions, *see Neal v. State,* 366 N. E. (2d) 650 (Ind. 1977) ; *Vacendak v. State,* 340 N. E. (2d) 352 (Ind. 1976). We adopt the reasoning expressed in those opinions. We hold appellant's sentence of life imprisonment on the kidnapping charge was not "so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice," *United States v. Bondurant,* 555 F. (2d) 1328, 1329 (5th Cir.), *cert. denied,* 434 U. S. 871, 98 S. Ct. 215, 54 L. Ed. (2d) 150 (1977), and hence did not constitute cruel and unusual punishment. *See United States v. Anderson,* 561 F. (2d) 1301 (9th Cir.), *cert. denied,* 434 U. S. 943, 98 S. Ct. 438, 54 L. Ed. (2d) 304 (1977) (two consecutive life sentences).

Appellant finally asserts the trial court erred in allowing his impeachment on a collateral issue. We disagree.

Appellant testified on both direct and redirect examination he owned "a shotgun." The solicitor then asked him how

many shotguns he had owned that year. Appellant answered "one" and the solicitor produced a pawn ticket showing he had owned at least two.

The trial judge has considerable latitude in determining the admissibility of impeachment evidence. *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298 (1974) ; *State v. Brock,* 130 S. C. 252, 126 S. E. 28 (1925). The fact appellant owned at least two shotguns rather than only one went directly to his credibility on a point raised by him. Under these circumstances, we hold the trial court did not abuse its discretion in allowing the examination to continue over appellant's objection.

Appellant's remaining exceptions are without merit and dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.