2511

The STATE, Respondent v. Evelyn JENKINS, Appellant.

(474 S.E. (2d) 812)

Court of Appeals

*Tara Dawn Shurling,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* and *Assistant Attorneys General Rakale Buchanan Smith* and *Caroline Callison Tiffin,* Columbia, and *Solicitor David P. Schwacke,* of N. Charleston, *for respondent.*

Heard March 8, 1996.

Filed May 13, 1996; Refiled June 9, 1996.

HEARN, Judge:

Evelyn Jenkins was convicted of possession with intent to distribute crack cocaine. Mrs. Jenkins appeals, claiming the trial judge erred in limiting defense counsel's cross-examination of the State's witnesses. We reverse and remand for a new trial.

Mrs. Jenkins' arrest resulted from a raid on J & E Diner, a business owned and operated by Mrs. Jenkins and her husband, John, in Pineville, South Carolina. Two rocks of crack cocaine consisting of .25 grams were found in the pocket of Mrs. Jenkins' apron. Defense counsel made a pretrial motion to suppress the fruits of the search warrant executed at the diner, and the trial court held a *Jackson v. Denno* hearing. Detective Whilden Baggett testified he obtained the warrant based upon an affidavit which stated in part the following:

> Confidential and reliable informant has been in the business within the past 72 hours and has purchased a quantity of narcotic drugs, namely crack cocaine, from the owner/operator of said business, namely John Jenkins.

Baggett testified he participated in the buy described in the affidavit. Baggett gave the informant three $20 bills, drove the informant to the diner, and let the informant out about 500 feet from the diner. Baggett picked up the informant about 10 to 15 minutes later. The informant gave Baggett one rock of cocaine and $10 change. Baggett did not know who was present in the diner that day.

When defense counsel asked Baggett about any special

treatment the informant was promised for helping, the prosecutor objected. Defense counsel advised the court "the informant is the linchpin in this case. He may not be here, but I am going to try that informant." The defense's position was that the informant "set up" the Jenkinses. The court ultimately ruled the warrant was valid.

The next day the State moved *in limine* to bar any reference to the informant in front of the jury. The State claimed the informant was not a participant in or a material witness to the crimes with which Mrs. Jenkins was charged. Mrs. Jenkins' counsel agreed the State could choose not to mention the informant, but claimed Mrs. Jenkins would be entitled to a charge on the negative inference for failing to call a material witness. When asked the relevance, defense counsel stated it was Mrs. Jenkins' position the confidential informant planted the cocaine found in Mrs. Jenkins' apron. The State argued that if the defense did not know who the informant was, they could not assert the informant planted the drugs. The State asserted that under *State v. Diamond,* 280 S.C. 296, 312 S.E. (2d) 550 (1984) and *State v. Dennison,* 305 S.C. 161, 406 S.E. (2d) 383 (Ct. App. 1991) the informant had to be revealed only where relevant to the issues of entrapment, misidentification, intent or knowledge.

The court ruled that neither side could inquire into an issue which ultimately attacked the validity of the search warrant. Although defense counsel argued the informant was relevant to the issue of planting the drugs, the court stated the informant's only relevance was to the search warrant. The court ruled that counsel could not cross-examine the police officers about the informant or any controlled buy which led to procurement of the search warrant.

Generally the right to cross-examine a prosecuting witness is of constitutional dimensions, being essential to a fair trial as guaranteed by the Sixth Amendment and the due process clause of the Fourteenth Amendment. *State v. McCoy,* 274 S.C. 70, 261 S.E. (2d) 159 (1979); *see also State v. Graham,* 314 S.C. 383, 444 S.E. (2d) 525 (1994) (Specifically included in a defendant's Sixth Amendment right to confront witnesses is the right to meaningful cross-examination of adverse witnesses); *accord State v. Smith,* 315 S.C. 547, 446 S.E. (2d) 411 (1994). A criminal defendant states a violation of the

Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which the jurors could appropriately draw inferences relating to the reliability of the witness. *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1435-36, 89 L.Ed. (2d) 674 (1986); *State v. Smith; State v. Graham.*

The trial court has broad discretion in determinating the general range and extent of cross-examination. *State v. Miller*, 258 S.C. 573, 190 S.E. (2d) 23 (1972); *State v. Smith*, 275 S.C. 164, 268 S.E. (2d) 276 (1980). This latitude in the area of credibility extends to cross-examination testing the accuracy of a witness's memory, bias, prejudice or interest. *Martin v. Dunlap*, 266 S.C. 230, 222 S.E. (2d) 8 (1976).[1] On cross-examination, a witness may be asked questions in reference to irrelevant matter, in reference to prior statements contradictory of testimony, or in reference to statements concerning relevant matter not contradictory of testimony. *Id.* The Confrontation Clause does not prevent a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges may impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, witness's safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall; State v. Smith; State v. Graham.* However, before a defendant can be prohibited from attempting to demonstrate bias on the part of a witness, the record must clearly show that the cross-examination is somehow inappropriate. *State v. Smith; State v Graham.*

The violation of the Sixth Amendment right to confrontation is not *per se* reversible error. Whether such an error is harmless in a particular case depends upon a host of factors. The factors include the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on ma-

---

[1] Rule 611(b), SCRE, effective September 3, 1995, provides, "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility."

terial points, the extent of cross-examination otherwise permitted, and of course, the overall strength of the prosecution's case. *Delaware v. Van Arsdall; State v. Smith; State v. Graham.*

Appellant concedes that under *State v. Diamond,* 280 S.C. 296, 312 S.E. (2d) 550 (1984), the State could not have been required to reveal the identity of the confidential informant since Appellant was not charged in connection with the buy allegedly made by this individual. Nevertheless, the right to cross-examine the State's witnesses concerning the informant was critical to Appellant's defense in this case. In the words of defense counsel to the trial judge: "[T]he informant is the linchpin in this case."

We understand the trial judge's reasoning that since he had already upheld the validity of the search warrant, evidence relating to its legality was inadmissible. However, the circumstances under which police sent someone into Appellant's business to make a drug purchase were clearly relevant to her claim that the drugs were planted. Given the importance of this line of questioning to Appellant's defense, the trial court erred in limiting defense counsel's cross-examination of the State's witnesses. The prejudice attaching to this error was exacerbated when the solicitor repeatedly stated in his closing argument that there was no evidence of anyone who could have planted the drugs.

The dissent would hold this issue is not properly preserved for appellate review because counsel never made an *in camera* proffer of the disputed evidence. We disagree.

Defense counsel repeatedly requested the trial judge to permit him to cross-examine the State's witnesses concerning the confidential informant.[2] There was no question concerning

---

[2] We have carefully reviewed the record on appeal, which contains over twenty-six pages of discussion on the permitted scope of defense cross-examination of the state's witnesses. Accordingly, the portions quoted in this opinion represent only a small portion of the significant number of attempts by defense counsel to bring this issue before the trial judge. Moreover, the trial judge repeatedly assured the defense counsel that he was "protected." "[A]ll that this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised in the lower court and passed upon by that Court." *Hubbard v. Rowe,* 192 S.C. 12, 5 S.E. (2d) 187 (1939). Given the perseverance of the defense attorney under the circumstances of this trial, we cannot say this issue was not fairly and properly before the lower court, nor that the court failed to clearly rule on it.

the type of evidence defense counsel hoped to elicit. These colloquys are representative of the continuing dialogue between the trial judge and defense counsel on this issue:

DEFENSE COUNSEL: For me not to be allowed to go into who this person was to talk to these officers about whether or not, in fact, they recovered the money that they gave to this confidential informant when they went back and executed the search warrant and things of this nature, that is just simply preposterous that I couldn't ask them that. They didn't recover the money. This is absolutely germane issues of fact which go—which certainly I can ask about this.

THE COURT: The search warrant has already been ruled on. We are not going to do that again. I have already made the ruling. If I made an error, some other court can correct that. So now the testimony is going to be that they went—based on the search warrant, they went to the building and they found the drugs. And the case clearly says that if I let them testify that the reason they went there was because this informant told them there were drugs in there, that is hearsay and it's reversible error.

DEFENSE COUNSEL: Your Honor, do you mean—let me understand this so I understand perfectly.

\* \* \* \* \* \*

DEFENSE COUNSEL: [B]ut I want to ask the officer what he gave to this informant, what he got from him, whether or not he made any promises to him. I can ask him that.

THE COURT: That has to do with the search warrant. That has nothing to do with what they found in the diner.

DEFENSE COUNSEL: Your Honor—

THE COURT: I have already ruled that the search warrant is valid.

DEFENSE COUNSEL: I understand. I am going to tell you now—

THE COURT: The whole transaction, Mr. Middleton, where they gave the informant the money, that he went there and allegedly made the purchase and came back—that has already been ruled on, and we are not going to try that.

DEFENSE COUNSEL: I am not trying that.

THE COURT: We're leaving that out.

DEFENSE COUNSEL: No, sir. There was a man who went in that building at 5:00 in the afternoon, and these police knew about him, and I am going to ask these policemen what happened.

THE COURT: No, If you do, you and I are going to have a problem because I have already ruled.

DEFENSE COUNSEL: Well, I don't want to have a problem with that, Your Honor, but I mean—

THE COURT: You can object, Mr. Middleton, and you are protected on the record. We have had a long discourse here about it, but we are not going to get into the search warrant again. We're going to go forward to the point where the officers went to the building.

DEFENSE COUNSEL: Your Honor—

THE COURT: You are protected on the record. Your objection is noted, but I have already ruled on the search warrant, and that is not part of the trial in this case. That is a matter of law—

The reason for the rule requiring a proffer of excluded evidence is to enable the reviewing court to discern prejudice. That rule has been relaxed where the record clearly demonstrates prejudice. *State v. Myers*, 301 S.C. 251, 391 S.E. (2d) 551 (1990). In this case it was very clear what testimony defense counsel hoped to elicit on cross-examination. Therefore, even if defense counsel did not specifically request a proffer outside the presence of the jury, we would not be inclined to hold the issue was not preserved because the proffer was not necessary to enable us to discern prejudice.

Moreover, we find defense counsel made a sufficient attempt to proffer the disputed testimony. During the *Jackson v. Denno* hearing, he requested:

Your Honor, might I suggest that this is a classic time that I would like to proffer my cross-examination of this case officer who not only—I assume that his—he is telling me that his reports are made a part of what was submitted by Officer Badgett who testified here yesterday. May I cross-examine him if you would not allow me in the presence of the jury as to the facts as to—he obviously

has knowledge of the fact that someone was given three $20 bills and allegedly made a purchase there as a controlled buy earlier in the day.

Although the trial judge initially allowed him to make a proffer, defense counsel thereafter asked if he could do so in the presence of the jury. The solicitor then objected on the basis of relevancy, arguing the search warrant had been ruled on. Thereafter, the trial judge limited defense counsel's questions to the *Jackson v. Denno* issue and the admissibility of certain alleged oral statements by Mrs. Jenkins. Prior to the jury coming in, defense counsel queried the court as follows: "My cross-examination of this witness is limited so that I may not ask anything; am I correct? That is your ruling?" The trial judge responded: "Yes. I have ruled, and you are protected. I've said that many times. You are protected."

We conclude defense counsel's request to proffer this evidence outside the jury's presence was sufficient to preserve the issue for appellate review. We further recognize that trial attorneys often walk a fine line in advocating their clients' interests and accepting the rulings of the trial judge with grace and courtesy. In this case defense counsel's frustration with the limits placed upon his cross-examination by the trial judge was apparent at every turn; additionally, the trial judge continued to assure him his position was protected for the record. Under these circumstances, and particularly where we have no difficulty perceiving the prejudice, we decline to hold the error was not preserved.[3]

For the reasons stated, this conviction is

Reversed and remanded.

CONNOR, J., concurs.

GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent.

---

[3] Having determined that Mrs. Jenkins is entitled to a new trial, we do not address her remaining argument on appeal. *See Daniels v. City of Goose Creek*, 314 S.C. 494, 431 S.E (2d) 256 (Ct. App. 1993) (where reversal on an issue would not change the result, the issue is moot, and the Court of Appeals need not address it).

"It is well settled that a reviewing court may not consider error alleged in [the] exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been." *State v. Roper*, 274 S.C 14, 20, 260 S.E. (2d) 705, 708 (1979); *see also State v. Cabbagestalk*, 281 S.C. 35, 314 S.E. (2d) 10 (1984) (failure to make an offer of proof prevents the appellate court from determining whether the exclusion of testimony is prejudicial and thus precludes the appellant from raising the issue on appeal). The court of appeals should not address the merits of an issue not preserved for review. *Hendrix v. Eastern Distribution, Inc.*, 320 S.C. 218, 464 S.E. (2d) 112 (1995).

Jenkins claims the trial court prohibited her from proffering the testimony that she hoped to elicit concerning the confidential informant. The record, however, does not support her claim. In response to Jenkins's only request to proffer the testimony, the trial court stated, "If you want to . . . proffer it, I'm not going to—" at which point Jenkins interrupted the trial court and, instead of making the proffer, requested to present the testimony *in front of the jury*.[1] Not unexpectedly, the State objected. Although Jenkins never chose to return to the subject of her proffer, it certainly was not due to any ruling by the trial court denying her right to make one.

The majority's reference to several colloquies between defense counsel and the trial court show only the trial court had noted Jenkins's objection. Her objection notwithstanding, the law in this state is clear that, in order to obtain a reversal,

---

[1] The entire exchange proceeded as follows:

DEFENSE COUNSEL: Your honor, might I suggest that this is a classic time that I would like to proffer my cross-examination of this case officer who not only—I assume that his—he is telling me that his reports are made a part of what was submitted by Officer Baggett who testified here yesterday. May I cross-examine him if you would not allow me in the presence of the jury as to the facts as to—he obviously has knowledge of the fact that someone was given three $20 bills and allegedly made a purchase there as a controlled buy earlier in the day. It's not having anything to do with the search warrant, Your Honor.
THE COURT: If you want to . . . proffer it, I'm not going to—
DEFENSE COUNSEL: But may I do it *in front of the jury*?
THE COURT: No. No.
PROSECUTOR: Your Honor, I object. What is the purpose of it? The search warrant has been ruled on. There is no other relevance. There's no other relevance to it.

(Emphasis added.)

Jenkins still must have proffered the testimony she hoped to elicit to prove she was prejudiced by the trial court's ruling. *Roper*, 274 S.C. 14, 260 S.E. (2d) 705. It is apparent that, at least at one point, defense counsel realized he needed to make a proffer to preserve the issue for appeal and requested the right to do so. It is worthy of note that this request came *subsequent* to all of the passages the majority cites for the purpose of showing that defense counsel believed either a request for proffer was not necessary or such a request would be futile.

The majority, while conceding the purpose of the rule requiring a proffer is to enable the reviewing court to discern prejudice from the adverse ruling, holds the record here "clearly demonstrated[d]" prejudice because "it was very clear what testimony defense counsel *hoped* to elicit on cross-examination." (Emphasis mine.) The majority's explanation demonstrates its misapplication of the rule, which requires an appellant to proffer *testimony*, not mere questions. *Roper*, 274 S.C. 14, 260 S.E. (2d) 705. Without showing Jenkins's disallowed questions would have elicited testimony that was both favorable and material to her case, Jenkins cannot show she was prejudiced by the trial court's ruling. Explaining the answers she *hoped* her questions would elicit is not sufficient.

Moreover, even had Jenkins made a proffer of the testimony her questions would have elicited, I would hold the trial court did not abuse its discretion in excluding the testimony. Our supreme court held in *State v. Gregory*, 198 S.C. 98, 104-05, 16 S.E. (2d) 532, 534-35 (1941):

> [E]vidence offered by [the] accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. . . . Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose. An orderly and unbiased judicial inquiry as to the guilt or innocence of a defendant on trial does not contemplate that such defendant be permitted by the way of defense to indulge in the conjectural inferences that some other person might have committed

the offense for which he is on trial, or by fanciful analogy to say to the jury that someone other than he is more probably guilty.

Here, the evidence that Jenkins sought to introduce would not have been inconsistent with her own guilt. Even had she been allowed to pursue the line of questioning proposed, the best she could have hoped for would have been to establish that the informant may have had a *motive* to plant the drugs. I would therefore hold the trial court properly excluded the testimony. *Cf. State v. Southerland*, 316 S.C. 377, 447 S.E. (2d) 862 (1994), *overruled on other grounds by State v. Chapman*, 317 S.C. 302, 454 S.E. (2d) 317 (1995) (in a murder trial, the trial court properly excluded evidence that people other than the defendant had a motive to murder the victim).

Finally, because I recognize this was a very close evidentiary issue, even were I of the opinion that the inferences Jenkins sought to establish rose above the hazy line separating reasonable inferences from mere conjecture, I would not hold the trial court's decision to exclude the testimony amounted to an abuse of discretion. *See Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (the admission and rejection of proffered testimony is largely within the sound discretion of the trial court and its exercise of such will not be disturbed on appeal absent an abuse of that discretion).

I would affirm.