**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Corey Gethers, Appellant.

Appellate Case No. 2011-204886

---

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-410
Submitted October 1, 2013 – Filed November 6, 2013

---

**AFFIRMED**

---

Appellate Defender Breen Richard Stevens and Appellate Defender Benjamin John Tripp, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

---

**PER CURIAM:** Cory Gethers appeals his conviction of failure to stop for a blue light, arguing the trial court erred by (1) permitting the State to impeach him using

a document never entered into evidence, and (2) preventing him from questioning the State's only witness about the possibility of facing a civil lawsuit by Gethers to show bias.  We affirm.[1]

1.  Gethers argues the trial court erred by permitting the State to impeach him using a document never entered into evidence.  We find the State's use of the document during cross-examination was not improper.  *See State v. Robinson*, 305 S.C. 469, 474, 409 S.E.2d 404, 408 (1991) ("[Because] appellant opened the door to this evidence, he cannot complain of prejudice from its admission.").  Gethers next argues the State's reference to the document during closing arguments was improper.  We find this issue unpreserved for appellate review.  *See State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("When an objecting party is sustained, the trial court has rendered a favorable ruling, and therefore, it becomes necessary that the sustained party move to cure, or move for a mistrial if such a cure is insufficient, in order to create an appealable issue.").  Finally, Gethers argues the jury's request for the document during deliberations was improper.  We find this issue is also unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

2.  Gethers argues the trial court erred by limiting his cross-examination of the State's witness to show bias.  We disagree.  *See State v. Jenkins*, 322 S.C. 360, 364, 474 S.E.2d 812, 814 (Ct. App. 1996) ("The Confrontation Clause does not prevent a trial [court] from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness.  On the contrary, trial [courts] may impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, witness's safety, or interrogation that is repetitive or only marginally relevant."); *State v. McFarlane*, 279 S.C. 327, 330-31, 306 S.E.2d 611, 613 (1983) (noting although a contemplated lawsuit may be relevant to show a witness's bias, the record must reflect whether or not litigation was contemplated).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.