**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Lynne Smith Saucier, Appellant.

Appellate Case No. 2013-002227

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2016-UP-228
Submitted April 1, 2016 – Filed June 1, 2016

**AFFIRMED**

R. Mills Ariail, Jr., of Law Office of R. Mills Ariail, Jr., of Greenville, and Jan S. Strifling, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

**PER CURIAM:** Lynne S. Saucier appeals her conviction for pointing or presenting a firearm, arguing the trial court (1) erred in excluding evidence relating

to a civil suit and judgment, (2) erred in failing to direct a verdict in her favor, (3) deprived her of a fair trial because the jury charge was contradictory and confusing, and (4) erred in denying her motion for a new trial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. Issue 1 is not preserved. *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("Generally, the failure to make a proffer of excluded evidence will preclude review on appeal."); *State v. Davis*, 309 S.C. 56, 62, 419 S.E.2d 820, 824 (Ct. App. 1992) (finding the trial court's ruling to exclude evidence of a firearms policy "not reviewable" because appellant failed to proffer testimony or the firearm policy itself); *State v. Jenkins*, 322 S.C. 360, 367, 474 S.E.2d 812, 816 (Ct. App. 1996) ("The reason for the rule requiring a proffer of excluded evidence is to enable the reviewing court to discern prejudice.").

2. As to issue 2, we find the trial court did not err in denying Saucier's motion for directed verdict. *See State v. Cope*, 405 S.C. 317, 348, 748 S.E.2d 194, 210 (2013) ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate c]ourt must find the case was properly submitted to the jury." (quoting *State v. Curtis*, 356 S.C. 622, 633-34, 591 S.E.2d 600, 605 (2004))); *State v. Burton*, 356 S.C. 259, 264, 589 S.E.2d 6, 8 (2003) ("The elements of pointing and presenting a firearm are (1) pointing or presenting; (2) a loaded or unloaded firearm; (3) at another."); *In re Spencer R.*, 387 S.C. 517, 522-23, 692 S.E.2d 569, 572 (Ct. App. 2010) (defining the phrase "to present" a firearm in section 16-23-410 of the South Carolina Code (2015) as: "to offer to view in a threatening manner, or to show in a threatening manner").

3. Issue 3 is not preserved. *See* Rule 20(b), SCRCrimP ("Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Rios*, 388 S.C. 335, 342, 696 S.E.2d 608, 612 (Ct. App. 2010) ("Even after the trial court specifically asked if there were any objections to the charges given, Rios responded, 'None.' By failing to contemporaneously object to the jury charges, Rios has waived his right to allege error on appeal.").

4. Issue 4 is not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**