**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Wiley L. Chapman, Appellant.

Appellate Case No. 2022-000956

---

Appeal From Chester County
Michael S. Holt, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-390
Submitted November 1, 2024 – Filed November 27, 2024

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Wiley L. Chapman appeals his civil commitment to the Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act.[1] On appeal, Chapman argues the trial court erred in prohibiting him from cross-examining the State's expert about the outpatient treatment for sex offenders that she provided. We affirm pursuant to Rule 220(b), SCACR.

---

[1] *See* S.C. Code Ann. §§ 44-48-10 to -170 (2018 & Supp. 2024).

We hold the trial court did not abuse its discretion in prohibiting Chapman from cross-examining the expert about the outpatient treatment program she provided through her clinic because the testimony was not relevant and the State did not open the door for the testimony to be introduced. *See In re Campbell*, 427 S.C. 183, 190, 830 S.E.2d 14, 18 (2019) ("In general, the admission or exclusion of evidence is a matter left to the sound discretion of the trial court, whose ruling will not be reversed on appeal absent an abuse of that discretion."); *id.* ("Likewise, the scope of cross-examination is largely within the trial court's discretion."); Rule 402, SCRE ("Evidence which is not relevant is not admissible."); § 44-48-30(1) (stating a sexually violent predator is defined as a person who: "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"). During direct examination, the expert stated before the jury that she offered an intensive outpatient treatment program. Chapman proffered the testimony he intended to elicit on cross-examination, including that it was a ten-week long program, utilized behavioral techniques such as aversion, and was mostly voluntary. Although the jury did not hear the details of the program, both the State's expert and Chapman's expert testified before the jury as to outpatient treatment being available. Therefore, to the extent that the availability of outpatient treatment was relevant to the jury's determination of whether Chapman needed to be confined, any details within the proffered testimony were redundant or unnecessary to the testimony already before the jury. *See In re Ettel*, 377 S.C. 558, 561, 660 S.E.2d 285, 287 (Ct. App. 2008) ("Evidence is relevant if it tends to establish or make more or less probable the matter in controversy."); *State v. Jenkins*, 322 S.C. 360, 364, 474 S.E.2d 812, 814 (Ct. App. 1996) ("[T]rial [courts] may impose reasonable limits on such cross-examination based on concerns about . . . interrogation that is repetitive or only marginally relevant."). Moreover, the State did not open the door to the expert testifying about the outpatient treatment program. The expert stated only that she offered an outpatient treatment program and did not discuss the efficacy of the program; thus, her testimony did not place a fact in issue. *See State v. Simmons*, 430 S.C. 1, 14, 841 S.E.2d 845, 852 (2020) ("A party may introduce inadmissible evidence in rebuttal when the opponent places a fact at issue."). Accordingly, under the facts of this case, the details of outpatient treatment were not relevant to the determination of whether Chapman was a sexually violent predator and the State did not open the door for the testimony to be introduced.

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.