**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randy Doyle Marchbanks, Appellant.

Appellate Case No. 2021-001533

———————

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-093
Submitted January 1, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor Cynthia Smith Crick, of
Greenville, all for Respondent.

———————

**PER CURIAM:** Randy Doyle Marchbanks appeals his convictions for discharging a firearm into a dwelling and pointing and presenting a firearm and his sentence of four years' imprisonment, suspended to time served with three years of probation. On appeal, Marchbanks argues the trial court erred in denying his

request to present a witness's virtual testimony.  We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because the substance of the testimony was not sufficiently clear to enable this court to determine whether Marchbanks was prejudiced by its exclusion.  *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); Rule 103(a)(2), SCRE (explaining that "[e]rror may not be predicated upon a ruling" excluding evidence unless "the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context"); *State v. Jenkins*, 322 S.C. 360, 367, 474 S.E.2d 812, 816 (Ct. App. 1996) ("The reason for the rule requiring a proffer of excluded evidence is to enable the reviewing court to discern prejudice.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.