## 22733

The STATE, Respondent v. Tommy MARTIN, Appellant.

(357 S. E. (2d) 21)

Supreme Court

*Chief Atty. William Isaac Diggs of South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr. and Carolyn M. Adams, Columbia, and Solicitor Charles M. Condon, Charleston, for respondent.*

Heard April 6, 1987.

Decided June 1, 1987.

FINNEY, Justice:

Tommy Martin, the appellant, and Peter Gonzales (Gonzales) were indicted for murder and assault and battery with intent to kill arising from the same incident. Appellant seeks reversal of his convictions for voluntary manslaughter

and assault and battery of a high and aggravated nature for which he was sentenced to thirty years and ten years, respectively. We reverse and remand for a new trial.

On August 9, 1985, while Julius Wilson and Benjamin Coakley (Coakley) were visiting Herman Grant (Grant), Gonzales arrived at Grant's residence and began arguing with Grant's sister, Dorothy Simmons. After Grant intervened and stopped the argument, Gonzales departed. Approximately thirty minutes later, Gonzales, the appellant, and several other individuals returned to Grant's home and became embroiled in an altercation with the persons visiting Grant. Coakley was injured in the ensuing fight and died from brain trauma caused by blows inflicted with a blunt object. Evidence presented at trial indicates the blunt object used in mortally wounding Coakley was the butt of a rifle.

Appellant argues that since Gonzales did not testify, the trial court erred in failing to redact Gonzales' pretrial statement. Appellant contends Gonzales' inculpatory statement did not interlock with appellant's statement and he was denied the right to cross examine and confront witnesses against him, in violation of the Sixth Amendment to the United States Constitution. Prior to its admission, appellant requested the court to redact certain portions of Gonzales' statement which alleged appellant had the rifle.[1] Appellant denied possessing the rifle during the altercation but did admit "hitting and kicking" someone.[2] The trial court refused to redact Gonzales' statement, ruling that it was cumulative to previous testimony by Johnny Martin, appellant's brother, who testified that appellant had the gun and hit a person unidentified to him.

---

[1] In its pertinent part, Gonzales' statement contained the following recount:

Before I went on the porch, my cousin, Tommy Martin, told me I was in enough trouble, so he took the gun out of my hands and he then came onto the porch with the gun. He was butting them with the stock of the gun in the chest and all over them.

[2] In the relevant portion of appellant's statement, he stated:

So we went up to the porch and started fighting. I started hitting and kicking some guy. I don't remember his clothes. He was the second guy on the porch, the one closest to the door going into the house. I hit both guys, as far as I know. I don't remember who hit who.

The constitutional right to confront and cross examine witnesses is essential to a fair trial in that it promotes reliability in criminal trials and insures that convictions will not result from testimony of individuals who cannot be challenged at trial. See *California v. Green*, 399, U. S. 149, 90 S. Ct. 1930, 1935, 26 L. Ed. (2d) 489 (1970); *State v. LaBarge*, 275 S. C. 168, 268 S. E. (2d) 278 (1980). In *Bruton v. United States*, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), the Supreme Court held that the truthfinding function of the Confrontation Clause is jeopardized when an accomplice's confession is introduced against a defendant without the benefit of cross-examination. The danger emanating from a denial of the right to confront and cross-examine a witness is that an accomplice's statements are often unreliable and must, therefore, be viewed with suspicion because of the likelihood of an accomplice's desire to exonerate himself by implicating others. *Id.*

Under the circumstances, we find the trial court erred ██ in failing to redact Gonzales' statement and allowing it to be used as substantive evidence against the defendant, in violation of his Sixth Amendment right. Gonzales' statement incriminating the appellant is presumptively unreliable, and the state did not rebut that presumption. See *eg., Lee v. Illinois*, 476 U. S. ____ , 106 S. Ct. 2056, 2063, 90 L. Ed. (2d) 514 (1986). The trial court found the statement admissible because it was cumulative to other trial testimony implicating appellant. However, such a finding patently ignores conflicting testimony offered at trial. Appellant denied possessing the gun or hitting anyone with it; while Gonzales stated that appellant struck several persons repeatedly with the gun. Johnny Martin testified appellant had the gun and struck one person with it, and Grant testified Gonzales had the rifle. In sum, the discrepancies in the collective testimony of the state's witnesses and the variance between appellant's testimony and Gonzales' statement raise serious questions as to the reliability of Gonzales' statement and whether it was, in fact, cumulative. Gonzales' statement was the *only* evidence indicating appellant struck the decedent several times with the rifle butt. The admission of Gonzales' statement violated appellant's constitutional right and such error, under the facts of this

case, was not harmless. *Harrington v. California*, 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 (1969); *Chapman v. California*, 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967); *State v. Clark*, 286 S. C. 432, 334 S. E. (2d) 121 (1985).

Assume *arguendo* that the state had rebutted the ■ initial presumption of unreliability which attaches to codefendants' confessions. Accepting the state's argument that Gonzales' statement is reliable and, therefore, admissible because Gonzales' statement and appellant's testimony interlocked, reversal of appellant's convictions would still be necessitated because such interlocking was merely peripheral. See *Lee v. Illinois, supra.* See also *Cruz v. New York,* _____ U. S. _____, 107 S. Ct. 1714, 95 L. Ed. (2d) 162 (1987); *Parker v. Randolph*, 442 U. S. 62, 99 S. Ct. 2132, 60 L. Ed. (2d) 713 (1979); *State v. Thompson*, 279 S. C. 405, 308 S. E. (2d) 364 (1983). This Court finds that, under the evidence presented, the state could not have established reliability of Gonzales' statement because of interlocking confessions based upon the Supreme Court's holding in *Lee. Id.* "Obviously, when codefendants' confessions are identical in all material respects, the likelihood that they are accurate is significantly increased. But a confession is not necessarily rendered reliable because some ... facts 'interlock' with the facts in the defendant's statement." *Id.*, 106 S. Ct. at 2064. Appellant's and Gonzales' statements do not interlock significantly and differ with respect to material facts.[3]

As a result, such discrepancies in the statements would render Gonzales' statement unreliable and inadmissible under the facts of this case. Accordingly, appellant's convictions are reversed and the case is remanded for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY and HARWELL, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.

---

[3] See *supra* Notes 1-2 and accompanying text.