529 S.E.2d 557

**The STATE, Respondent,**

**v.**

**Michael DINKINS, Appellant.**

**No. 3141.**

Court of Appeals of South Carolina.

Submitted Feb. 8, 2000.

Decided April 3, 2000.

Rehearing Denied May 27, 2000.

---

598

Assistant Appellate Defender Aileen P. Clare, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for respondent.

MOREHEAD, Acting Judge:

A jury convicted Michael Dinkins on charges of kidnapping, armed robbery, possession of a weapon during a violent crime, and possession of a pistol by a person under the age of twenty-one. The trial court sentenced Dinkins to concurrent terms of fifteen years, fifteen years, five years, and five years, respectively. Dinkins appeals, arguing the trial court erred in admitting the statement of a witness who refused to testify and failing to grant a directed verdict on the charge of possession of a pistol by a person under the age of twenty-one. We affirm.

On June 17, 1997, teenagers Chris Branham, Amy Vance, and Melanie Lively (collectively, "the victims") visited a Burger King in Sumter. As they were leaving the parking lot in Branham's Ford Explorer, a man approached, put a gun to Branham's chest, and told Branham to climb into the back seat. The man assumed the driver's seat as a second man got into the back seat. The driver handed the second man the gun and, with the victims inside, drove to a field several miles away where the men abandoned the victims.

On July 18, 1997, Devon Dinkins (Devon) told police that he was at Burger King "that night" with Tiawon Tindal, Corey Prioleau, and Dinkins. According to Devon, while they were sitting in Tindal's car, Prioleau mentioned something about carjacking and Devon expressed disbelief. When Prioleau got out of the car, Devon saw that he was armed. Prioleau commented about a "Blazer type vehicle" with three teenaged passengers: one male and two females. As Prioleau and Dinkins walked around the front of Tindal's car, presumably toward the Explorer, Devon and Tindal "didn't believe this was happening" and left.

The police arrested Dinkins on the day of Devon's statement and later transported him to a preliminary hearing. After the hearing, Dinkins "blurted" out to an officer that he "did it," attempted to explain why he participated, and offered to help the police recover the gun used against the victims.

The State jointly tried Dinkins and Prioleau for kidnapping, armed robbery, possession of a weapon during a violent crime, and possession of a pistol by a person under twenty-one years of age. The jury found both defendants guilty as charged. Dinkins appeals.

## I. Devon Dinkins's Statement

Dinkins argues the trial court erred in admitting Devon's statement into evidence because Devon refused to testify at trial. We find no reversible error.

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The right of confrontation "is essential to a fair trial in that it promotes reliability in criminal trials and insures that convictions will not result from testimony of individuals who cannot be challenged at trial." *State v. Martin*, 292 S.C. 437, 439, 357 S.E.2d 21, 22 (1987). The Confrontation Clause requires a witness to testify under oath and submit to cross-examination so that the jury can observe the witness's demeanor and assess his credibility. *State v. Cooper*, 291 S.C. 351, 354, 353 S.E.2d 451, 453 (1987).

In South Carolina, "[a]n incriminating statement admissible under an exception to the hearsay rule also is admissible under the Confrontation Clause only if it bears adequate 'indicia of reliability.'" *State v. Dennis*, 337 S.C. 275, 286, 523 S.E.2d 173, 178 (1999). If a hearsay statement falls within a firmly rooted exception to the hearsay rule, then the statement meets the "indicia of reliability" requirement. *Id.* at 286, 523 S.E.2d at 178. An accomplice's confession that inculpates the defendant is not admissible under a firmly rooted exception to the hearsay rule. *Lilly v. Virginia*, 527 U.S. 116, 134, 119 S.Ct. 1887, 1899, 144 L.Ed.2d 117 (1999). Such statements are considered inherently unreliable because an accomplice is motivated to lie in order to shift some, if not

all, blame from himself to others. *Lilly*, 527 U.S. at 132, 119 S.Ct. at 1897–98; *Martin*, 292 S.C. at 439, 357 S.E.2d at 22.

In this case, the State called Devon as its first witness at trial. After answering questions about his name and address, Devon invoked his Fifth Amendment right against self-incrimination and indicated he would continue to assert that right if asked to testify further. Over defense objections, the trial court ruled Devon's statement to police admissible as a statement against penal interest under Rule 804(b)(3) of the South Carolina Rules of Evidence. An officer read Devon's statement to the jury.

■ Devon's statement alleges he did not participate in or act as an accomplice to any of the various crimes committed against the victims. According to Devon, he left when he realized Prioleau and Dinkins were about to commit a crime. At the time Devon made the statement to police, he did not intend to expose himself to criminal liability, but rather to absolve himself. *See* Rule 804(b)(3), SCRE (statement against penal interest must be one that, at the time of its making, tends to expose the declarant to criminal liability). Devon's statement was self-serving and thus does not qualify as a statement against penal interest.

The trial court erred in admitting the statement as a statement against penal interest. *See Williamson v. United States*, 512 U.S. 594, 600–01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (Rule 804(b)(3) "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory"); *State v. Singleton*, 303 S.C. 313, 400 S.E.2d 487 (1991) (physical description of defendant must be redacted from a nontestifying co-defendant's statement in order to protect defendant's right of confrontation); *cf. State v. Evans*, 316 S.C. 303, 450 S.E.2d 47 (1994) (admission of co-defendant's confession that, on its face, does not incriminate the defendant does not violate the defendant's right of confrontation).

■ Furthermore, the statement does not qualify under any of the firmly rooted exceptions to the hearsay rule. *Cf. State v. Burdette*, 335 S.C. 34, 45, 515 S.E.2d 525, 531 (1999) ("excited utterance exception is firmly rooted in South Carolina law and satisfies the requirements of the Confrontation

Clause"); *State v. Sullivan,* 277 S.C. 35, 282 S.E.2d 838 (1981) (statement made by one conspirator during the conspiracy and in furtherance thereof is admissible against co-conspirator without violating Confrontation Clause). We, therefore, must conclude the admission of Devon's statement violated Dinkins's right of confrontation.[1] Having reached this conclusion, we must consider whether the violation warrants reversal of his convictions.

 A violation of the Confrontation Clause is not *per se* reversible error. *State v. Jenkins,* 322 S.C. 360, 364, 474 S.E.2d 812, 815 (Ct.App.1996). We must consider several factors to determine whether the error is harmless or requires reversal. These factors include the importance of the challenged evidence to the State's case, whether the evidence was cumulative, whether the evidence was materially corroborated or contradicted by other evidence introduced at trial, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. *Id.* at 364–65, 474 S.E.2d at 815.

Devon's description of Dinkins approaching the victims' car with armed Prioleau shortly after Prioleau talked about carjacking the victims' car was not cumulative to other evidence. Devon's statement placed Dinkins at the scene of the crime by

---

1. Once the United States Supreme Court determines a statement does not fall within a firmly rooted exception to the hearsay rule, the Court then analyzes whether the statement bears any other particularized guarantees of trustworthiness before deciding the statement violates the defendant's right of confrontation. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Our analysis, however, stops once we decide the statement does not fall within a firmly rooted exception. Our state supreme court recently held we will not consider any other "particularized guarantees of trustworthiness" when analyzing the admissibility of statements under the Confrontation Clause. *State v. Fuller,* 337 S.C. 236, 244, 523 S.E.2d 168, 172 (1999). *But see State v. Williams,* 285 S.C. 544, 554–55, 331 S.E.2d 354, 360 (Ct.App. 1985) (prior to the adoption of the new rules of evidence, appellate court discussed admissibility of statement under firmly rooted hearsay exception analysis and "particularized guarantees of trustworthiness" analysis); *cf. Richland County Dep't of Soc. Servs. v. Earles,* 330 S.C. 24, 30, 496 S.E.2d 864, 867 (1998) (in child abuse and neglect cases, S.C.Code Ann. § 19–1–180 specifically allows the admission of the child's out-of-court statement if the child is unavailable and the statement is shown to possess "particularized guarantees of trustworthiness").

a person whose ability to identify him could not be seriously questioned. Dinkins was deprived of the opportunity to cross-examine Devon about his statement or his credibility.

 Unlike *State v. Prioleau*, 339 S.C. 605, 529 S.E.2d 561 (Ct.App.2000), where there was confusion surrounding the driver's description and there was no voluntary admission, Devon's statement was not significant to the State's case. *Cf. Jenkins*, 322 S.C. at 365, 474 S.E.2d at 815 (where judge ruled defendant could not cross-examine police officer about the confidential informant where informant was "linchpin" in the State's case, defendant's right of confrontation was violated). The victims' testimony and Dinkins's admission corroborated Devon's account of the evening. *Cf. State v. Smith*, 315 S.C. 547, 553, 446 S.E.2d 411, 414 (1994) (where judge limited cross-examination of witness, defendant's right of confrontation was not violated because witness's testimony was corroborated by other evidence). Furthermore, the State presented a particularly strong case against Dinkins. Prior to trial, Lively identified Dinkins from a photographic lineup. At trial, Branham and Lively identified Dinkins as the man who sat in the back seat. Vance testified she did not see the person in the back seat well enough to identify him visually, but when she heard Dinkins speak she recognized him as that perpetrator by voice. Because the State introduced evidence at trial that each victim identified Dinkins and that Dinkins made a voluntary admission to police, we find the admission of the challenged statement was harmless.

## II. Directed Verdict

 Dinkins also argues the trial court erred in denying his motion for a directed verdict on the charge of possession of a pistol by a person under the age of twenty-one. He argues no evidence was introduced as to his age. We find the trial court properly denied Dinkins's motion.

On appeal from the denial of a directed verdict, the evidence must be viewed in the light most favorable to the State. *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998). If there is any direct or substantial circumstantial evidence tending to prove the defendant's guilt, this court must find the motion was properly denied. *Id.* at 62, 502 S.E.2d at 69. In consider-

ing a directed verdict motion, the trial court is concerned with the existence of evidence rather than its weight. *Id.* at 62, 502 S.E.2d at 69.

Sergeant Mike Hicks, the arresting officer, testified at trial that he obtained Dinkins's date of birth as part of the normal processing or "booking" procedure and that Dinkins was under twenty-one years of age at the time of the crime. Sergeant Hicks's testimony was sufficient evidence of Dinkins's age for the trial court to submit this charge to the jury.

For the reasons discussed above, Dinkins's appealed convictions are

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.