613 S.E.2d 791

The STATE, Respondent,

v.

Kenneth ROACH, Appellant.

No. 3978.

Court of Appeals of South Carolina.

Heard March 9, 2005.
Decided April 18, 2005.
Rehearing Denied June 22, 2005.

Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

HEARN, C.J.

Kenneth Roach appeals from his convictions for multiple drug offenses, arguing the trial court erred (1) by admitting hearsay in violation of the Confrontation Clause and (2) by admitting an in-court identification, which was based on a single photograph lineup, without making a determination as to the reliability of the identification. We affirm.

## FACTS

On May 17, 2001, police were involved in a narcotics investigation and went to Roach's home to execute a search warrant for possession and distribution of crack cocaine. Prior to executing the warrant, a confidential informant, who had prior drug charges himself, agreed to assist the police. He testified that with twenty dollars the police had given him, he went to Roach's home and purchased drugs directly from Roach.

Officers had Roach's home under surveillance at the time of the confidential informant's purchase. When the officers approached the door of Roach's home to execute the warrant, they found it had been barricaded. The officers knocked, and after receiving no response, they removed the door and entered the home. The officers observed several people inside, including Roach, who ran into the bathroom and flushed the toilet. Officers recovered crack cocaine from a plastic bag in the bathroom sink.

In March 2002, Roach was indicted by the York County grand jury for one count of possession of crack cocaine with intent to distribute, one count of possession of crack cocaine with intent to distribute within the proximity of a public school, two counts of distribution of crack cocaine, and one count of distribution within the proximity of a public school. Roach was convicted on all charges and sentenced to an aggregate term of thirty years in prison. This appeal followed.

## LAW/ANALYSIS

### I. Violation of Confrontation Clause

Roach alleges his right to confront witnesses was violated when the trial court permitted an officer to testify about third parties going to Roach's home to purchase crack. We agree, but find this error was harmless.

According to *in camera* testimony proffered by the State, several people came to the door of Roach's home while officers executed the search warrant, and one of the executing officers sold imitation crack to the visitors. Defense counsel objected on the basis of relevance and also argued the testimony violated Roach's rights pursuant to the Confrontation Clause because he was unable to cross-examine the individuals who purchased the imitation crack. The State argued that there was a logical inference that Roach was holding drugs for delivery and that this was probative of the intent of what he was doing at the house. The trial court overruled the objection, and the State's witness testified before the jury as follows:

Q. You said you were stationed by the door?

A. Yes, sir, I was.

Q. While you were by the door what happened?

A. Several people came to the door and presented me with some money, two particular cases, one presented with a $10 [sic] with an intent to buy crack.

Q. Don't tell us what they were thinking because we don't know. People offered you money?

A. Yes, sir.

Q. And you were in plain clothes?

A. Yes, sir.

Q. And what did you offer them in exchange for the money?

A. Imitation crack.

 "The Sixth Amendment guarantees a criminal defendant the right 'to be confronted with the witnesses against him.' " *State v. Dinkins,* 339 S.C. 597, 601, 529 S.E.2d 557, 559 (Ct.App.2000) (quoting U.S. Const. amend. VI). The right of confrontation is essential to a fair trial because it promotes reliability and insures that convictions will not result from testimony of individuals who cannot be challenged at trial. *Id.* Although the confrontation clause is not identical to the hearsay rule, when the State offers hearsay evidence in a criminal case, the accused's Sixth Amendment right to confront accusers is directly implicated. *See Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *Charleston County*

*Dep't of Soc. Servs. v. Father et al.,* 317 S.C. 283, 454 S.E.2d 307 (1995).

While the law requires confrontation with adverse witnesses, several exceptions have been recognized. *See* Danny R. Collins, *South Carolina Evidence* § 16.11 (2d ed.2000). Traditionally, "[c]onfrontation [was] not always required in particular proceedings that serve[d] limited functions, for well-recognized hearsay exceptions, or for evidence that [had] other significant indicia of reliability." *Id.* In its most recent analysis of the Confrontation Clause, the United States Supreme Court modified the long-standing exemption for evidence bearing adequate "indicia of reliability." *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford,* the Supreme Court established a new rule which bars out-of-court statements by a witness *that are testimonial in nature* unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Id.* at 68, 124 S.Ct. at 1374. However, where the out-of-court statement is not testimonial in nature, the "indicia of reliability" test remains. *Id.*[1]

██ "Hearsay is an out of court statement, offered in court to prove the truth of the matter asserted." *State v. Townsend,* 321 S.C. 55, 467 S.E.2d 138 (Ct.App.1996). A "statement" as defined by Rule 801(a), SCRE, includes "nonverbal conduct of a person, if it is intended by the person as an assertion." *See also id.,* 321 S.C. at 59, 467 S.E.2d at 141 (finding the gesture of pointing to be an assertion).

In this case, the officer testified about individuals "offering" him money in exchange for drugs. While the officer did not specifically testify as to what these individuals said to him, if anything, he did testify that the individuals communicated to him, in some way, their desire to purchase drugs. The State offered this evidence to prove that Roach was running a "crack house" that people visited with the intent to purchase

---

1. The Supreme Court declined to "spell out a comprehensive definition of 'testimonial,' " but noted that the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1367. For a comprehensive review of testimonial and non-testimonial hearsay, see *State v. Staten,* 364 S.C. 7, 610 S.E.2d 823 (Ct.App.2005).

drugs. Thus, the officer's testimony regarding the transaction, even if it was communicated nonverbally, falls under the definition of hearsay as it was an out-of-court statement, offered in court to prove the truth of the matter asserted. The out-of-court statements were not testimonial in nature because they were made by individuals who had no idea they were actually attempting to buy drugs from a police officer. *See State v. Staten,* 364 S.C. 7, 610 S.E.2d 823 (Ct.App.2005) (explaining that in other jurisdictions, statements made to acquaintances without an intention for use at trial have consistently been labeled as non-testimonial). As non-testimonial hearsay statements, they would be admissible if they fell within a well-recognized hearsay exception or bore other significant indicia of reliability, which they do not. Accordingly, the trial court erred in allowing the testimony into evidence.

■■■ However, "violation of the confrontation clause is not *per se* reversible but is subject to a harmless error analysis." *State v. Clark,* 315 S.C. 478, 481, 445 S.E.2d 633, 634 (1994). "An error is harmless when it 'could not reasonably have affected the result of the trial.' " *State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (quoting *State v. Key,* 256 S.C. 90, 180 S.E.2d 888 (1971)).

In this case, a confidential informant testified that he had purchased drugs from Roach immediately prior to the officers' execution of their search warrant. Another witness also testified that she cut crack cocaine with Roach just moments before the officers burst into Roach's home. Numerous people were in the home, all of whom fled when the officers came into the home. Furthermore, Roach ran to the bathroom and flushed the toilet when officers entered his home, and crack cocaine was found in the sink of that bathroom. In light of this overwhelming evidence against Roach, we do not believe the hearsay testimony regarding an officer's sale of imitation crack could have reasonably affected the result of the trial.

## II. Admission of Identification

■■■ Roach next argues the trial court erred by allowing an in-court identification, which was based on a single person lineup, without making a determination as to the reliability of the identification. We disagree.

At Roach's trial, a confidential informant testified *in camera* that he told police he could purchase crack from 523 East White Street, the address of Roach's home. The informant, however, did not know the name of the seller. Police showed him a photograph of Roach, and the informant identified him as the person from whom he had purchased crack many times during a four-month period.

Defense counsel argued the informant should not be allowed to identify Roach in court because the one photograph lineup was unduly suggestive. Counsel further argued the informant's identification was unreliable because he was smoking crack and was going to various other places to purchase crack. The trial judge agreed the lineup was suggestive, but ultimately allowed the identification to be admitted, explaining:

> Even though [a one photograph lineup] would be suggestive on its face ... I find that the identification is not to be excluded because I don't believe there is a substantial risk of misidentification. The witness testified that he viewed this person, perhaps, he didn't know his name, maybe the photograph connected the name, and I don't find any problem with that, but he certainly has the ability based on his previous purchases and contact with [Roach] or the person he identified as [Roach] and the person he identified as the person from whom he purchased. I find that his in court identification will be allowed.

After making that finding, the trial judge went on to explain:

> I'll certainly charge the jury that they are to take into consideration whatever factors they need to in regard to determining whether or not that is a reliable [identification]. [T]hat's not what the court is deciding, I'm not deciding whether it's reliable, I'm deciding whether it's admissible.

 The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. *Neil v. Biggers,* 409 U.S. 188, 198–99, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). First, the trial judge must ascertain whether the identification process was unduly suggestive. *State v. Moore,* 343 S.C. 282, 287, 540 S.E.2d 445, 447 (2000). Next, the trial judge must decide whether the out-of-court identification was nevertheless so reliable that no sub-

stantial likelihood of misidentification existed. *Id.* "Single person show-ups are disfavored because they are suggestive by their nature." *State v. Blassingame,* 338 S.C. 240, 251, 525 S.E.2d 535, 541 (Ct.App.1999). "However, an identification may be reliable under the totality of the circumstances even when a suggestive procedure has been used." *State v. Mansfield,* 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct.App.2000).

Roach argues the trial judge's ruling should be reversed because the judge explicitly refused to evaluate the reliability of the identification. We disagree. As is clear from the trial judge's ruling excerpted above, he considered the reliability of the identification and found there was no substantial risk for misidentification. Although he went on to say, "I'm not deciding whether it's reliable, I'm deciding whether it's admissible," this statement must be taken in context. This statement was made as the trial judge explained how he would charge the jury. Ultimately, it was the jury's responsibility, as the sole arbiter of the facts, to determine whether the in-court identification was credible. Thus, the trial judge was merely explaining that despite the identification's admissibility, it would be in the jury's hands to determine whether to rely on the identification when determining Roach's guilt. We thus find no error.

Accordingly, Roach's convictions are

**AFFIRMED.**

KITTREDGE and WILLIAMS, JJ., concur.