THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South Carolina,  Respondent,
 v.
 Jerene Markwell
 Hayward, Appellant.
 
 
 

Appeal from Richland County
James W. Johnson, Jr., Circuit Court Judge 
Unpublished Opinion No. 2008-UP-088
Submitted February 1, 2008  Filed
 February 8, 2008
AFFIRMED

 
 
 
 Aileen P. Clare, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General 
 Salley W. Elliott; and Solicitor Warren B. Giese, all of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Jerene Markwell Hayward (Hayward) was convicted of first-degree
 burglary, the lesser-included offense of assault and battery of a high and
 aggravated nature (ABHAN), petit larceny, and possession of marijuana.  He was
 sentenced to consecutive terms of thirty (30) years for first-degree burglary
 and ten (10) years for ABHAN, plus concurrent terms of thirty (30) days each
 for the remaining convictions.  Hayward argues the trial court erred in: (1)
 admitting an impermissibly suggestive show-up identification; and (2) denying
 his motion for mistrial after a witness for the State commented on Haywards exercise of his Fifth Amendment right to remain silent.  We affirm. [1]
FACTS
Hayward was accused of
 burglarizing the home of Jeffrey Connell and assaulting Connells domestic
 employee on April 13, 2004.  On that same afternoon, Ronald Cowart, a
 landscaper, was in route to Crescent Lake Subdivision when Hayward ran out in
 front of Cowarts truck, exclaiming two people were in pursuit of him.  Cowart
 talked with Hayward and gave him a ride.  Cowart observed Hayward was a tall,
 slender black male, with close-cut hair and a mark or tattoo on his neck.  Hayward was wearing baggy blue jeans and a dark, long-sleeved shirt.  He was carrying a
 backpack.  Hayward eventually left Cowarts vehicle to find a store and a
 phone.  Cowart alerted the police in response to conduct he believed was out
 of the ordinary and the noticeable police activity in the area. 
Police arrested Hayward, informed him of his Miranda rights, and summoned Cowart several hours
 later to identify Hayward.  At the site of arrest Hayward was handcuffed and
 surrounded by police cars and uniformed officers.  Cowart positively identified
 Hayward as the man he had spoken with and picked up earlier.  He testified,
 I said yes this is him, I know him.  
Eric Barnes, an
 investigator with Richland County Sheriffs Department, was responsible for
 directing the investigation.  As he arrived on the scene where Hayward was
 detained, he recalled Hayward was shouting that he was innocent.  Barnes
 introduced himself to Hayward and looked at Haywards shoeprint to determine if
 it was similar to one left at the crime scene.  Barnes observed what he thought
 was blood on Haywards shoes, removed them, and secured them as evidence.
Barnes continued
 talking with Hayward, commenting that Hayward was going to have a hard time
 explaining how the victims blood got on the shoe.  Hayward said he was in
 the house but it was the other guy that kicked her or hit the lady, not him.
At headquarters,
 Barnes verbally informed Hayward of his Miranda rights, asked Hayward if he understood, and attempted to obtain information from him.  Barnes testified Hayward denied he made the statement at the arrest site claiming he was not the one who
 kicked the lady.  Hayward continued to deny everything about the case at that
 point, becoming louder and louder as the discussion progressed.  When Barnes
 realized it was futile to continue, he decided to adjourn the session,
 concluding, it became apparent in my mind that [Hayward] didnt want to give a
 statement.
Hayward was
 indicted for first-degree
 burglary, petit larceny, kidnapping, assault and battery with intent to kill,
 and possession of marijuana.
In a hearing
 pursuant to Jackson v. Denno, 378 U.S. 368, (1964), Hayward challenged
 the suggestiveness of Cowarts identification of him at the arrest site.  The
 trial court ruled Cowarts identification was admissible.
Additionally, Hayward moved for a mistrial on the ground Barnes impermissibly commented on Haywards constitutional right to remain silent.  The trial court denied Haywards motion
 and ruled Hayward had not invoked his right to remain silent at the time Barnes
 decided it was futile to continue the session.  Therefore, Barnes comment that
 Haywards statement was not forthcoming did not reflect on Haywards
 invocation of his Fifth Amendment right.  
The jury found Hayward guilty of first-degree burglary, the
 lesser-included offense of ABHAN, petit larceny, and possession of marijuana. 
 The trial court sentenced Hayward to consecutive terms of thirty years (30) for
 first-degree burglary and ten (10) years for ABHAN, plus concurrent terms of
 thirty days (30) each for the remaining convictions.
STANDARD OF REVIEW
In criminal cases,
 the appellate court sits to review errors of law only.  State v. Baccus,
 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  Thus, an appellate court is bound
 by the trial courts factual findings unless they are clearly erroneous.  Id. at 48, 625 S.E.2d at 220.  This same standard of review applies to preliminary
 factual findings in determining the admissibility of certain evidence in
 criminal cases.  State v. Preslar, 364 S.C. 466, 472, 613 S.E.2d 381,
 384 (Ct. App. 2005).
DISCUSSION
I.  Admissibility
 of Show-Up Identification  
Hayward contends
 Cowarts identification of him at the arrest site should be suppressed because
 it was so suggestive that Cowarts objectivity was compromised.  We disagree. 
Generally, the
 decision to admit an eyewitness identification is at the trial courts
 discretion and will not be disturbed on appeal absent an abuse of discretion,
 or the commission of prejudicial legal error.  State v. Moore, 343 S.C.
 282, 288, 540 S.E.2d 445, 448 (2000); State v. McCord, 349 S.C. 477,
 481, 562 S.E.2d 689, 691 (Ct. App. 2002).  However, an eyewitness
 identification which is unreliable because of suggestive police procedures is
 constitutionally inadmissible as a matter of law.  Moore, 343 S.C. at
 288, 540 S.E.2d at 448.  
A criminal
 defendant may be deprived of due process of law by an unnecessarily suggestive
 identification procedure conducive to irreparable mistaken identification.  State
 v. Roach, 364 S.C. 422, 429-30, 613 S.E.2d 791, 795 (2005); State v.
 Brown, 356 S.C. 496, 503, 589 S.E.2d 781, 785 (Ct. App. 2003); State v.
 Mansfield, 343 S.C. 66, 79, 538 S.E.2d 257, 264 (Ct. App. 2000); State
 v. Blassingame, 338 S.C. 240, 251, 525 S.E.2d 535, 541 (Ct. App. 1999).
The
 United States Supreme Court and the South Carolina Supreme Court have
 established a two-prong inquiry to determine the admissibility of an
 out-of-court identification.  Neil v. Biggers, 409 U.S. 188, 196 (1972); Moore, 343 S.C. at 287, 540 S.E.2d at 448.  A court must determine
 whether the identification process was unduly suggestive.  Moore, 343
 S.C. at 287, 540 S.E.2d at 448.  Only if the identification procedure was
 unduly suggestive does the court need to consider the next step, whether the
 out-of-court identification was nevertheless so reliable that no substantial
 likelihood of misidentification existed.  Id.          
Single
 person show-ups have been sharply criticized as unnecessarily suggestive.  Mansfield , 343 S.C. at 79, 538 S.E.2d at 264.  However, suggestiveness alone does
 not require the exclusion of evidence.  State v Stewart, 275 S.C. 447,
 450, 272 S.E.2d 628, 629 (1980).  The central question is whether, under the
 totality of the circumstances, the identification was reliable even though the
 confrontation procedure was suggestive. Id.; Mansfield, 343 S.C.
 at 79, 538 S.E.2d at 264.  Reliability is the linchpin in determining the
 admissibility of identification testimony.  Mansfield, 343 S.C. at 79,
 538 S.E.2d at 264.  To determine whether identification is reliable, we must
 consider the factors set forth in Biggers.  409 U.S. at 199.  The factors to be considered are: 

 1) the
 opportunity of the witness to view the criminal at the time of the crime; 2)
 the witnesss degree of attention; 3) the accuracy of the witnesss prior
 description of the criminal; 4) the level of certainty demonstrated by the
 witness at the confrontation; and 5) the amount of time between the crime and
 the confrontation.

Biggers, 409 U.S. at 200; Mansfield, 343 S.C. at 79,
 538 S.E.2d at 264. 
At the arrest site,
 Hayward was presented in handcuffs, surrounded by police cars and uniformed
 officers.  Notwithstanding the somewhat suggestive nature of the setting, Cowarts
 identification of Hayward was reliable in light of the totality of the
 circumstances.  
Cowart had opportunity
 to observe Hayward in close proximity, during daylight hours, on the day the
 crimes were committed.  Cowarts attention was focused on Hayward because of
 his unusual behavior.  He was suspicious of Hayward to the point he removed his
 keys and cell phone from Haywards view, and he ultimately alerted the police
 about his contact with Hayward.
Cowart described Hayward in accurate detail to the police as a tall, slender black male with close cut hair. 
 He noted Haywards clothing, observed the backpack he carried, and identified a
 green cigarette package that Hayward pulled out of the bag.  Cowart
 unequivocally and without hesitation confirmed Hayward was the man he picked up
 in the victims neighborhood on the afternoon of April 13, 2004.  Moreover, the
 amount of time between Cowarts afternoon encounter with Hayward and the
 show-up identification at the arrest site was approximately three hours.  

 The
 trial court concluded:
 Case law
 indicates that even if the identification is unnecessarily suggestive the
 evidence need not be excluded if the totality of the circumstances indicates
 that the identification is reliable.  And I find that there is sufficient
 evidence that has been shown to this court that the identification is reliable.

In reviewing
 Cowarts identification for indicia of reliability, the trial court considered
 the factors required under Biggers.  The trial court did not abuse its
 discretion when it denied Haywards motion to suppress Cowarts identification.
II.  Failure to Grant Motion
 for Mistrial
Hayward contends the
 trial court erred in denying his motion for a mistrial when Barnes allegedly commented
 on Haywards exercise of his Fifth Amendment right to remain silent.  We
 disagree.
The decision to grant or deny a mistrial is within the
 sound discretion of the trial court.  State v. Stanley, 365 S.C. 24, 33,
 615 S.E.2d 455, 460 (Ct. App. 2005).  The trial courts decision will not be
 overturned on appeal absent an abuse of discretion amounting to an error of
 law.  Id.; State v. Rowlands, 343 S.C. 454, 458, 539 S.E.2d 717,
 719 (Ct. App. 2000).  A mistrial should only be granted when absolutely
 necessary, and a defendant must show both error and resulting prejudice in
 order to be entitled to a mistrial.  Stanley, 365 S.C. at 34, 615 S.E.2d
 at 460.  Whether a mistrial is manifestly necessary is a fact specific
 inquiry.  Id.      
Hayward asserts Barnes comment, it became apparent in my
 mind that [Hayward] didnt want to give a statement, was an impermissible
 reference to Haywards right to remain silent under Doyle v. Ohio, 426 U.S. 610 (1976).  In Doyle, the
 Supreme Court held: 

 [W]hen a person is informed, as Miranda requires, that he
 may remain silent, that anything he says may be used against him,  it does not
 comport with due process to permit the prosecution during the trial to call
 attention to his silence at the time of arrest and to insist that because he
 did not speak about the facts of the case at that time, as he was told he need
 not do, an unfavorable inference might be drawn as to the truth of his trial
 testimony.  

Id. at 619 (quoting U.S. v. Hale, 422 U.S. 171, 182-83 (1975)).
The courts of South Carolina have
 consistently recognized the significance of Doyle on post-arrest, post-Miranda silence.  Doyle holds that the Due Process Clause prohibits the
 government from commenting on an accuseds post-Miranda silence.  State
 v. Simmons, 360 S.C. 33, 39, 599 S.E.2d 448, 450 (2004); Payne v. State,
 355 S.C. 642, 645, 586 S.E.2d 857, 859 (2003) (holding The state may not
 directly or indirectly comment on the defendants right to remain silent.).  Our appellate courts have warned solicitors against violation of
 the Doyle prohibition.  State v. Myers, 301 S.C. 251, 258-259,
 391 S.E.2d 551, 555 (1990); State v. Arther, 290 S.C. 291, 350 S.E.2d
 187 (1990); State v. Holliday, 333 S.C. 332, 509 S.E.2d 280 (Ct. App.
 1998); State v. Gray, 304 S.C. 482, 405 S.E.2d 420 (Ct. App. 1991). However, [t]he underpinnings of Doyle,
 and the need for its application, are diminished where a defendant waives his
 right to silence.  Simmons, 360 S.C. at 40, 599 S.E.2d at 451.
In the
 instant case the trial court concluded the State made a sufficient showing that
 Hayward was advised of his rights under Miranda.  The trial court
 found after being advised of those rights, Hayward essentially waived them by
 voluntarily making statements and utterances.  I find based on what has been
 presented that the defendant had not at that point and [sic] time invoked his
 right to remain silent.  For that reason I will permit the testimony to
 continue.  I deny the motion for a mistrial.
Police
 informed Hayward of his Miranda rights at the arrest site. 
 Nevertheless, Hayward continued to shout about his innocence and professed the
 acts were committed by other perpetrators.  After hearing his Miranda rights again during the discussion with Barnes at headquarters, Hayward persisted in talking about his innocence, disclaiming things he had allegedly said
 earlier.  In the context of ending the session because of its futility, Barnes
 comment was not in response to Haywards silence, because Hayward was not
 silent, and had not yet invoked his right to remain silent.  The trial court did
 not err in denying Haywards motion for mistrial.  
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.